UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOSEPH HENRY,

    Plaintiff(s),

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JOSEPH HENRY, a Florida citizen and resident, sues Defendant CELEBRITY CRUISES, INC., a corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs. The damages alleged in Paragraph 12 below support an award of damages in excess of $75,000.00.

2. Plaintiff JOSEPH HENRY is a resident of the State of Florida and is sui juris.

3. Defendant CELEBRITY CRUISES, INC. is a corporation with its principal place of business in Miami, Miami-Dade County, Florida and hence is a citizen of Florida for federal jurisdictional purposes.

4. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts arising out of the operation of a vessel in navigable waters, specifically the operation and maintenance of a gangway during disembarkation.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. In addition, the principal place of business of the Defendant is in this district. Accordingly, venue is proper in this district.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on July 11, 2019. A copy of the written notice of claim, sent by certified mail, is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "REFLECTION."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "REFLECTION" and in that capacity was lawfully present on board the vessel.

11. On or about April 15, 2019, while the Plaintiff was lawfully on board the M/S REFELCTION as a fare paying passenger, he was disembarking the vessel via the gangway when he slipped on water or a wet, foreign or transitory substance and thereby fell, sustaining serious injuries.

12. As a direct and proximate result of the slip and fall as described above, the Plaintiff was injured in and about his body and extremities, including fractures of his left distal tibia and left proximal fibula, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT MAINTENANCE OF GANGWAY**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the surface of the gangway, including the area where Plaintiff fell, in a condition reasonably safe for disembarking passengers, including a duty to correct dangerous conditions on the gangway of which it knew or should have known in the exercise of reasonable care.

14. At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area, due to its being a gangway routinely used for ingress to and egress from the vessel, and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet from rain and therefore slippery.

15. At all material times, the Defendant either knew or should have known of the dangerous wet and slippery condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the dangerous condition, because it was in a high traffic area, due to rainy conditions, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care to remedy the dangerous condition.

16. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway surface as alleged in the preceding paragraph, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the area in a reasonably safe condition or to correct the dangerous condition. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17. The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a. Failing to maintain the gangway surface or area in a reasonably safe condition;

    b. Failing to comply with Defendant's policies and procedures for preventing slip and fall accidents on gangways;

      c.      Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

      d.      Failing timely to correct or remedy the wet or slippery condition of the gangway area where Plaintiff fell.

      e.      Failure to apply non-skid surfacing to the gangway.

      f.      Failure to assist passengers descending the gangway in the actually or constructively known wet conditions.

18. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

19. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

20. At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area, due to its being a gangway routinely used for ingress to and egress from the vessel, and was in a condition dangerous to

passengers traversing the area, including the Plaintiff, due to it being wet from rain and therefore slippery.

21. At all material times, the Defendant either knew or should have known of the dangerous wet, foreign or transitory substance condition of the gangway area in which the Plaintiff fell, or in the exercise of reasonable care should have known of the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant owed a the Plaintiff a duty to warn him adequately of the dangerous condition.

21. Alternatively, at all material times, the Defendant created the dangerous wet, foreign, or transitory substance in the gangway area where Plaintiff fell and therefore either knew or should have known of its presence or in the exercise of reasonable care should have known of the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, so that Defendant owed a the Plaintiff a duty to warn him adequately of the dangerous condition.

22. Notwithstanding Defendant's actual or constructive knowledge or creation of the dangerous condition of surface of the gangway, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures adequately to warn the Plaintiff. The Defendant's specific negligent acts or omissions consist of one or more of the following:

   a. Failing to properly warn passengers including the Plaintiff, through appropriate signage, markings or oral or written warnings, of the subject dangerous condition on the surface of the gangway and area where Plaintiff fell that Defendant knew, or in the exercise of reasonable care should have known existed;

  b. Failing to properly warn passengers including the Plaintiff of the slippery nature of the surface/ and or of the presence of a wet, foreign or transitory substance on the gangway surface;

23. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 14th day of January, 2021.

    **s/NICHOLAS I. GERSON**
    NICHOLAS I. GERSON
    Florida Bar No. 0020899
    GERSON & SCHWARTZ, P.A.
    Attorneys for Plaintiff
    1980 Coral Way
    Miami, FL 33145-2624
    Telephone: (305) 371-6000
    Facsimile: (305) 371-5749