UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20148-CIV-GRAHAM/MCALILEY

JOSEPH P. HENRY,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BILL OF COSTS**

Plaintiff, Joseph Henry, filed a Bill of Costs (ECF No. 156) and memorandum of law in support (ECF No. 156-1),[1] which the Honorable Donald L. Graham referred to me for a report and recommendation. (ECF No. 15). Defendant, Celebrity Cruises, Inc., filed a response memorandum (ECF No. 157), and Plaintiff did not file a reply. For the following reasons, I recommend that the Court grant Plaintiff's Bill of Costs in part.

**I.    BACKGROUND**

Plaintiff filed this action in January 2021, seeking to recover damages for injuries he sustained from a slip-and-fall while aboard one of Defendant's cruise ships. (ECF No. 1). In February 2022, the parties went to trial. The jury found that both parties

---

[1] The memorandum is two pages long and is not helpful. As I explain below, Plaintiff has the burden to demonstrate that each cost he seeks is recoverable. Plaintiff falls far short of meeting his burden.

1

negligently caused Plaintiff's injuries. (ECF No. 136). They apportioned 35% of the fault to Defendant and 65% to Plaintiff. (*Id.* at 2). The jury assessed damages in the total amount of $150,000.00, (*id.* at 3), which, once reduced by 65% to account for Plaintiff's comparative negligence, amounts to $52,500.00.

Plaintiff moved for a new trial under Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure, which the Court denied. (ECF Nos. 151, 155). Plaintiff thereafter filed the Bill of Costs. (ECF No. 156). The Court entered final judgment and reserved jurisdiction to tax costs. (ECF No. 160).

Plaintiff's Bill of Costs asks the Court to award Plaintiff a total of $57,414.17 in costs, and he attaches invoices to support his request. (ECF No. 156 at 1).

Defendant objects and asserts two arguments in response. First, Defendant argues that the Court should exercise its discretion and deny an award of costs. (ECF No. 157 at 1-2). Defendant provides two reasons to support this argument: (1) the jury found that Plaintiff was mostly responsible for his injuries and (2) Plaintiff makes claims for costs without providing proof of those costs, as he must. (*Id.*). Second, Defendant argues that if the Court awards costs, it should reduce the award to $4,710.04 as only that amount can be deemed reasonable. (*Id.* at 2-6).

## II. ANALYSIS

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule establishes "a strong presumption that the prevailing party will be awarded costs." *Emery v. Am.*

*Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) (quoting *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).

Defendant makes no argument that Plaintiff is not the prevailing party. After all, "[a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims." *Id.* (quotations and citation omitted). Rather, Defendant asks the Court to "exercise its discretion" to deny the award because the jury found Plaintiff 65% at fault for his injuries. (ECF No. 157 at 1).

Defendant cites no legal authority to support its position. "Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978$^2$)). Plaintiff obtained some relief in his favor, and I see no reason why the Court should exercise its discretion and deny costs on this basis. I recommend that the Court deny Defendant's request.

Defendant's other argument, that the Court should not award Plaintiff any costs because Plaintiff has failed to meet his obligation to support them with evidence, is certainly a route the Court could take. As the prevailing party, Plaintiff plainly "bears the burden of submitting a request for costs that will enable the Court to determine what costs were incurred and whether [Plaintiff] is entitled to them." *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012) (alterations

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

adopted) (quotation marks and citation omitted). Plaintiff must show that the costs "are recoverable and were reasonably incurred." *TCC Air Servs., Inc. v. Schlesinger*, No. 05-80543-CIV, 2009 WL 565516, at *6 (S.D. Fla. Mar. 5, 2009) (citing *Aranda v. Jewish Cmty. Servs. of S. Fla., Inc.*, No. 05-21142-CIV, 2007 WL 707384, at *1 (S.D. Fla. Mar. 5, 2007)). Plaintiff's counsel ignores that obligation for a substantial amount of the costs he claims. Rather than punish Plaintiff for his counsel's failure and deny Plaintiff's recovery of all costs, the Court proceeds with an analysis of the costs and concludes that a reduction of the costs award, rather than a complete denial, is most appropriate.

Title 28 U.S.C. § 1920 sets forth what may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. I address each category of Plaintiff's costs.

A.  Fees of the Clerk

Plaintiff asks to recover the $402.00 filing fee it paid to the Clerk to initiate this action. (ECF No. 156 at 1). Defendant has no objection. (ECF No. 157 at 6). This cost is clearly recoverable under § 1920(1). I therefore recommend that the Court award Plaintiff

4

the **$402.00** filing fee.

      B.    Fees of the Marshal

Fees of the "marshal" include costs for serving subpoenas. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). Plaintiff asks to recover $820.00 in process server fees for the service of nine subpoenas.[3] (ECF No. 156 at 1).

In its response, Defendant objects to the costs of five subpoenas,[4] served on Colleen Dalton, Joseph Mujwit and Defendant's records custodian, because these witnesses did not testify and were not referenced at trial. (ECF No. 157 at 4).

Plaintiff chose not to file a reply, although he had plenty of time to do so. Plaintiff provides no explanation why these costs were "reasonably incurred." *TCC Air Servs., Inc.*, 2009 WL 565516, at *6. On this record I recommend that the Court exclude these costs.[5]

Of the remaining subpoenas, Defendant objects to the costs of three others[6] because the costs exceed the amounts charged by the U.S. Marshals for service. *See* (ECF No. 157 at 4-5). At the time service of process occurred, the U.S. Marshals charged $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's

---

[3] *See* (ECF No. 156-2 at 3-11).

[4] *See* (ECF No. 156-2 at 3, 4, 6, 9, 10). It is unclear whether these subpoenas were for trial or deposition, and neither Plaintiff nor Defendant provide clarification.

[5] These costs total $350.00. *See* (ECF No. 156-2 at 3, 4, 6, 9, 10).

[6] *See* (ECF No. 156-2 at 7, 8, 11).

5

Service effectuate service." *James*, 242 F.R.D. at 649 (S.D. Fla. May 14, 2007) (citing *W&O, Inc.*, 213 F.3d at 623-24). I therefore agree with Defendant that the costs for service of each of these subpoenas should be reduced to $65.00. The Court should thus award Plaintiff $195.00 for the costs of service of these three subpoenas.

There is a $35.00 cost remaining for the service of process of one other subpoena, that Defendant does not object to.[7] I recommend the Court award this cost.

In sum, I recommend that the Court award Plaintiff costs for the service of subpoenas in the total amount of **$230.00**.[8]

### C.     Fees for Transcripts

Plaintiff asks to recover $8,394.27 in costs for transcripts. (ECF No. 156 at 1). The invoices he provides reflect a total amount of $4,895.71. *See* (ECF No. 156-2 at 12-22). As stated, Plaintiff has the burden "of submitting a request for costs that will enable the Court to determine what costs were incurred and whether [Plaintiff] is entitled to them." *Santana*, 2012 WL 3779013, at *2. Plaintiff provides no proof – or explanation – to support his entitlement to an extra $3,498.56 (the difference between the amount sought and the amount supported by invoices). Plaintiff clearly does not meet his burden as to this extra amount, and I therefore recommend that the Court exclude $3,498.56 from the total amount Plaintiff seeks.

---

[7] *See* (ECF No. 156-2 at 5).

[8] $35.00 + $65.00 + $65.00 + $65.00 = $350.00.

Turning to the amount that is supported by proof ($4,895.71), taxation of deposition costs is authorized by § 1920(2) if the depositions were "necessarily obtained for use in the case". 28 U.S.C. § 1920(2); *W&O, Inc.*, 213 F.3d at 620-21. Defendant objects to four different charges for transcripts, which total $907.67. (ECF No. 157 at 4).

First, Defendant objects to Plaintiff's double-recovery of the amount to obtain one copy of a transcript of Defendant's counsel's closing argument. (*Id.*). Plaintiff attached the same invoice, twice, to its Bill of Costs.[9] I agree with Defendant that the Court should award the cost for this charge only once and should therefore exclude $146.52 from the total award because it is duplicative.

Next, Defendant objects to two fees for the cancellation of depositions: one dated September 30, 2021, for $231.76,[10] and another dated October 27, 2021, for $253.75.[11] (ECF No. 157 at 4). The statute permits recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case", 28 U.S.C. § 1920(2), and Plaintiff provides no information how these cancellation fees fall within § 1920(2). I therefore recommend that the Court exclude these costs.

Finally, Defendant objects to an invoice for $286.15 to obtain a transcript of a discovery hearing that occurred on October 22, 2021.[12] (ECF No. 157 at 4). Again, Plaintiff

---

[9] *See* (ECF No. 156-2 at 19, 22).

[10] *See* (ECF No. 156-2 at 12).

[11] *See* (ECF No. 156-2 at 13).

[12] *See* (ECF No. 156-2 at 20).

7

provides no explanation why it was necessary for him to obtain this transcript. I recommend that the Court exclude this cost.

Other than the reductions specified above, I find the costs for transcripts Plaintiff seeks (that he supports with invoices) are reasonable. Based on the foregoing, I recommend that the Court award Plaintiff reasonable costs for transcripts totaling **$3,977.53**.[13]

D.   Fees for Printing

Plaintiff asks to recover $18,280.15 in fees for printing. (ECF No. 156 at 1). Plaintiff does not state what invoices support this amount, and the invoices attached to his Bill of Costs do not make it clear. The Court guesses that number represents the amount stated in an invoice from a company called Champion Legal, for services that total $17,330.63,[14] and from Office Depot, that totals $949.52.[15]

The Office Depot invoice provides no description of services rendered, and Plaintiff offers nothing else to assist the Court. The Court therefore cannot determine what costs were incurred from Office Depot and whether Plaintiff is entitled to them. The Court should exclude the Office Depot costs.

The Champion Legal invoice provides descriptions of many different services. They are: "BAC Initial Meeting" ($390.00), "FBC Meeting at G&S. Exhibit pick up" ($487.50), "Exhibit Scanning / comparing / sticker / stamping" ($1,365.00), "FBC Re-encode video depos of A. Campos, M. Daizon, trial database creation and impeachment

---

[13] $4,895.71 - $146.52 - $231.76 - $253.75 - $286.15 = $3,977.53.

[14] *See* (ECF No. 156-2 at 23).

[15] *See* (ECF No. 156-2 at 24-26).

clip edits" ($877.50), "Completed QC of clips for impeachment" ($195.00), "BAC Expert Witness Prep (Fore)" ($146.25), "DPK Certified Trial Presentation Attendance – Daily" ($9,750.00), "DPK Design Meeting – Closing Presentation Attendance – Daily" ($9,750.00), "HD Projector & Screen" ($385.00), "High-Speed Color Laser Printer, Paper and Supplies" ($485.00), and "Parking Fees" ($105.00). (ECF No. 156-2 at 23). Several of these costs include an "After Hours Surcharge" or "Weekend Surcharge". (*Id.*).

None of the descriptions of services show that those costs are clearly recoverable as "fees and disbursements for printing". 28 U.S.C. § 1920(3). Plaintiff "must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Pelc v. Nowak*, No. 11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citation omitted). Plaintiff fails to meet his burden here, and I therefore recommend that the Court exclude these costs.

In sum, I recommend that the Court award no costs for printing.

E.   Fees for Witnesses

Section 1920 allows the Court to tax as costs fees for witnesses, and Section 1821 of Title 28 specifies the amount that a witness may recover. 28 U.S.C. §§ 1821, 1920(3); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

"A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's

attendance.'" *Morrison*, 97 F.3d at 463 (quoting 28 U.S.C. § 1821(a)(1), (b)). This also includes other expenses, such as the actual cost of travel via a common carrier. 28 U.S.C. § 1821(c)(1). To recover that cost, the witness must "utilize a common carrier at the most economical rate reasonably available" and the prevailing party must provide "[a] receipt or other evidence of actual cost". *Id.*

Plaintiff asks to recover $27,883.35 in witness fees, which, according to the Bill of Costs, consists of attendance fees only. (ECF No. 156 at 1-2). The invoices do not support this claim; in fact, they reflect costs that clearly are not recoverable under § 1920. These costs consist of charges of three of Plaintiff's experts for work performed throughout the litigation, to include the creation of an expert report, review of discovery, research, Covid-19 testing, airfare, hotel stay, and parking.[16]

Defendant objects to Plaintiff's recovery of any amount that exceeds $120.00, which represents a $40.00 witness fee per expert. (ECF No. 157 at 2-3, 6). Plaintiff makes no argument in response. Defendant is correct that Plaintiff is limited to recover witness fees as authorized by §§ 1821 and 1920. Plaintiff provides no evidence or justification that he is entitled to recover more than the $40.00 amount in attendance fees per witness.[17] I therefore recommend that the Court award Plaintiff **$120.00** in reasonable witness fees.

---

[16] *See* (ECF No. 156-2 at 27-41, 43-54).

[17] Section 1920(6) allows for the recovery of compensation for court appointed experts. 28 U.S.C. § 1920(6). None of Plaintiff's experts were appointed by the Court.

Plaintiff provides receipts for two round-trip flights for one of his experts.[18] Plaintiff, however, makes no showing that this travel was "at the most economical rate reasonably available". 28 U.S.C. § 1821(c)(1). Additionally, Plaintiff's Bill of Costs states that he seeks recovery of only attendance fees. (ECF No. 156 at 2). I recommend that the Court exclude the costs for airfare.

F.  Other costs / Mediation

In his Bill of Costs, Plaintiff asks for "[o]ther costs" in the amount of $1,634.40. (ECF No. 156 at 1). The only other invoice Plaintiff provides, that I have not addressed, is one for mediation in the amount of $900.00.[19]

Defendant objects to Plaintiff's recovery of this cost. (ECF No. 157 at 3). "Mediation costs are not specifically enumerated in 28 U.S.C. § 1920, nor are they recognized in this Circuit as being taxable costs thereunder." *Healthcare Res. Mgmt. Grp., LLC v. Econatura All Healthy World, LLC*, No. 20-81501-cv, 2022 WL 1537769, at *5 (S.D. Fla. May 12, 2022) (quotation marks and citation omitted). Plaintiff provides no other authority to support his request to recover this cost. I find the Court should exclude this amount from the total award of costs.

### III.  CONCLUSION AND RECOMMENDATION

I have thoroughly reviewed the invoices Plaintiff submitted in support of his request for costs and find that only those costs I recommend the Court award Plaintiff are

---

[18] *See* (ECF No. 156-2 at 43-54).

[19] *See* (ECF No. 156-2 at 42).

recoverable. Based upon the foregoing, I recommend that the Court **GRANT IN PART** Plaintiff's Bill of Costs (ECF No. 156) and award Plaintiff **$4,729.53** in reasonable costs.

## IV.  OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 21st day of November 2022.

                                           _____
                                           CHRIS McALILEY
                                           UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Donald L. Graham
        All counsel of Record